UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TOMMY PAGE # 31385                                                                                    PETITIONER

V.                                                                          CIVIL ACTION NO.1:04CV261-WAP-JAD

LEPHER JENKINS, ET AL                                                                          RESPONDENTS

REPORT AND RECOMMENDATION

Tommy Page was convicted of aggravated assault in Oktibbeha County. After the trial court found Page to be an habitual offender, he was sentenced to life in prison without possibility of parole. His conviction was affirmed by the Mississippi Court of Appeals on April 15, 2003. His application for post conviction relief to the Mississippi Supreme Court, asserting ineffective assistance of counsel, was denied on July 19, 2004. He has now brought the same complaints to federal court.

Karen Hendrix, the victim was in a Starkville laundromat. While moving her clothes to the dryers, she was approached by a black male. He lured her toward a back room, claiming he worked there, promising to show her how to dry her clothes without paying. He grabbed her and pulled her into the back room. He came at her with a knife, grabbing her between her legs. She grabbed both him and the knife trying to protect herself from being stabbed. The knife was coming toward her stomach when she grabbed it. Her hand was cut in the attack. She screamed and her assailant fled the scene. She picked Page out of a photo lineup as her attacker. Her boyfriend, who was outside the laundromat, identified Page as the only male in the laundromat at the time of the attack. The victim's uncle, who was also outside the laundromat, testified that he had known Page for a number

of years and that he had seen Page go into the laundromat immediately before the attack. Page chose not to testify.

Page asserts that he was denied effective assistance of counsel in five areas. In considering these challenges the undersigned has considered the limited scope of the federal court's review, given that these claims have already been rejected by the Mississippi Supreme Court on the application for leave to file habeas corpus. 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Since any factual findings of the state appellate courts are presumed correct, the burden is upon the petitioner to prove by clear and convincing evidence any factual errors. 28 U.S.C. §2254(e)(1).

To establish ineffective assistance of counsel, Page must show, " (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984). The deficiency determination is not unguided. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689,104 S. Ct. at 2065. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226

(5th Cir. 1994); quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). Each of Page's claims is addressed individually below.

Page contends that his attorney improperly failed to object to his indictment for aggravated assault contending that the facts only justified a charge of simple assault. Petitioner's claim grows out of his misunderstanding of the law. Page is convinced that because his victim did not sustain a serious injury that he cannot be guilty of aggravated assault. There is no such requirement in the statute. " A person is guilty of aggravated assault if he ... attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm." Mississippi Code Ann. § 97-3-7 (2)(b). Page caused bodily injury using a deadly weapon, a knife. The indictment in the record provides fair notice of the charges against him, which is all the law requires. *Harrison v State*, 722 So. 2d 681(Miss.1998). Since the indictment is not defective, this claims fails on both *Strickland* prongs.

Page was initially indicted on a charge of aggravated assault. The state moved to amend the indictment to add habitual offender charges. Page claims his counsel was ineffective in failing to object to the amendment, claiming that only the grand jury had the power to amend the indictment. Rule 7.09 of the Mississippi Uniform Circuit and County Court Rules expressly allows amendments to indictments to add a charge that the defendant is an habitual offender. The Mississippi Supreme Court has upheld the validity of this rule. *Burrell v State,* 726 So. 2d 160 (Miss. 1998). Since the amendment was proper, this claim also fails to meet either *Strickland* prong.

3

The third contention revisits Page's misunderstanding regarding the difference between simple assault and aggravated assault. He claims his lawyer erred in failing to submit an instruction for simple assault as a lesser included offense. The assault was committed with the use of a deadly weapon. The only way that a jury instruction could be given for simple assault would be if there was evidence from which a jury could find that Page negligently caused bodily injury to another with a deadly weapon. Miss. Code Ann. § 97-3-7(1). The only testimony regarding the assault was from the victim. Her testimony would not support a finding of negligence. If such an instruction been proffered, it should have been rejected. This claim fails to meet either *Strickland* prong .

Page contends that his counsel failed to effectively cross-examine the witnesses. In his petition he provides not one fact or example of how the cross examinations were ineffective. His brief complains about the length of time of cross examination and that counsel was unable to get the content of Page's statement into evidence.

The record shows that the defense strategy was to attack the sufficiency of the evidence. The defense attorney got each of the other witnesses at the scene to concede they had not seen any attack and that someone else could have entered or exited the laundromat through the back door. The length of a cross-examination is no indicator of its effectiveness. Counsel quickly obtained the concessions available. Though unable to get the content of Page's statements in because they were hearsay, Page's counsel did get it before the jury that there were two different stories told about the assault. Counsel's performance is not deficient in failing to get inadmissible evidence admitted. Additionally counsel saved his attack on the credibility of the victim for closing, highlighting her testimony she was lured to the back room because she was interested in stealing dryer time. Counsel argued the victim was a thief whose testimony should not be believed. This appears to be a strategic decision

4

by counsel. The record shows a reasoned and reasonable approach to the defense of the case. This claim fails to satisfy either *Strickland* prong.

Page finally claims that his lawyer was ineffective in failing to investigate the case and in failing to interview potential witnesses. Page provides no facts in his petition to support his allegation, nor any supporting affidavits. He does not give any names. His unnamed witnesses were supposedly at the adjacent car wash and per his brief could "give an account of support for the statement" Page had given the police. The undersigned has looked at Page's statement, his side of the story, which he attached to his petition. Page claims that he went to a house by the laundromat and purchased crack cocaine. A lady and guy came to the same house and purchased crack from "William" and another guy. Page and these two then supposedly went into the back room of the laundromat, smoked the crack and got into an altercation. Page claims in his statement that he was only trying to get away from the couple. The only testimony in the record indicates that the victim and Page were alone at the time of the attack. Page makes no showing that there was any admissible testimony regarding the attack. Given the highly incriminating nature of his statement, if this is the corroborating testimony that Page wanted his attorney to go after, no court can condemn a decision not to pursue this damaging 'defense.' It would be ludicrous to assume that "William" or anyone else would be willing to testify themselves into substantial jail sentences on Page's behalf or that the testimony. The petition fails to make any showing that counsel's performance was defective or that he suffered any prejudice in the investigation of the case.

The undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.

Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 29th day of September, 2005.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE